UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-61959-Civ-SCOLA

ZENOVIDA LOVE, et al.,

    Plaintiffs,
vs.

WAL-MART STORES, INC.,

    Defendant.
_____/

## ORDER DISMISSING PLAINTIFFS' CLASS CLAIMS

Wal-Mart Stores, Inc. ("Wal-Mart") moves to dismiss or strike the class allegations in Plaintiffs' Class Action Complaint, arguing that the class claims are barred by the limitations period and that the class allegations cannot meet the commonality requirement. After careful consideration, the Defendant's Motion to Dismiss (ECF No. 5) is **GRANTED**. Under Eleventh Circuit precedent, the class claims are indeed time-barred and Plaintiffs' class claims are dismissed. The Court will not address whether the class claims, as alleged, are sufficient to overcome the deficiencies identified by the Supreme Court.

    **I.**    **Background**

In 2001, female employees brought suit against Wal-Mart Stores, Inc. ("Wal-Mart") in the Northern District of California alleging nationwide sex discrimination (the *Dukes* case) under Title VII. *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011). The California District Court certified a nationwide class consisting of all current and former Wal-Mart employees who had worked for the company during a specified time frame. After a decade of litigation, the Supreme Court reversed the certification of the nationwide class. Because the *Dukes* plaintiffs failed to

provide evidence of some specific company-wide discriminatory pay and promotion policy, they did not establish any common question of law or fact.

While the *Dukes* case was pending, the statute of limitations for Plaintiffs' individual claims was tolled. (Compl. ¶ 7, ECF No. 1.) Before filing a complaint in federal court, the employee must file a claim with the Equal Employment Opportunity Commission ("EEOC") within a certain period of time after the alleged unlawful practice occurred. 42 U.S.C. § 2000e-5(e)(1). The deadline to file a charge of discrimination with the EEOC acts as a statute of limitation in Title VII cases. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 394 (1982) (noting that the EEOC filing period operates as a statute of limitations); *Gray v. Vestavia Hills Bd. Of Educ.*, 317 Fed. App'x 898, 902 (11th Cir. 2008) (upholding dismissal of claims as time-barred where plaintiff did not timely file an EEOC claim). So, once the case was remanded, the California district court established deadlines for former class members to comply with the limitations period and file individual charges with the EEOC. (Compl. ¶ 7, ECF No. 1.) Plaintiffs here allege that they each met the deadline established by the California district court. (*Id.*)

Afterwards, a number of the former *Dukes* class members filed putative class action lawsuits in other jurisdictions, narrowing the scope of proposed classes to discrimination at a regional level. *Odle v. Wal-Mart Stores, Inc.*, No. 3:11-cv-2954-O (N.D. Tex. Filed Oct. 28, 2011); *Phipps, et al. v. Wal-Mart Stores, Inc.*, 3:12-cv-1009 (M.D. Tenn. Filed Oct. 2, 2012); *Love, et al. v. Wal-Mart Stores, Inc.*, No. 0:12-cv-61959-RNS (S.D. Fla. Filed Oct. 4, 2012). Plaintiffs filed the instant suit on behalf of themselves and all others similarly situated, alleging that Wal-Mart engaged in sex discrimination in three regions located in the Southeastern United States. Their 6-count Complaint asserts Title VII claims for disparate treatment and disparate

impact for each of the three regions involved in the instant suit. There are no additional individual counts.

## II. Motion to Dismiss Standard

Wal-Mart contends that Plaintiffs' class action claims are barred by the limitations period and should therefore be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure. When considering a motion to dismiss under Rule 12(b)(6), the Court must accept all of the Complaint's well-pled factual allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A plaintiff is not required to plead facts in a complaint to anticipate and defeat affirmative defenses, like a limitations defense. *Mann v. Airline Pilots Ass'n Intern.*, 2012 WL 1447891, at * 2 (M.D. Fla. Apr. 26, 2012); *see also* Fed. R. Civ. P. 8 (listing statute of limitations as an affirmative defense). However, a 12(b)(6) motion to dismiss on statute of limitations grounds may be granted if it is apparent from the face of the complaint that the claim is time-barred. *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845-45 (11th Cir. 2004).

## III. Analysis

The parties agree that the *Dukes* case tolled the statute of limitations on Plaintiffs' individual claims. Wal-Mart argues that the Eleventh Circuit's ruling in *Griffin v. Singletary* does not allow Plaintiffs to pursue their claims as a subsequent class action. Plaintiffs attempt to distinguish *Griffin* and argue that recent Supreme Court precedent supersedes *Griffin*.

          **a. The Equitable Tolling Doctrine**

While a class action lawsuit is pending, the statute of limitations is tolled for class members and putative class members. If class certification is denied or if a class is later decertified, the former class members may assert their individual claims by timely intervening or filing a separate lawsuit. *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 353-54 (1983); *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 553 (1974). The equitable tolling doctrine protects the class action device because, without it, potential class members would be required to file protective actions to preserve their claims. *Am. Pipe*, 462 U.S. at 553-54. This would deprive "class actions of the efficiency and economy of litigation," which protect against a multiplicity of suits and makes the resolution of claims more effective and expeditions. *Id.* at 553. It is also appropriate because a class action complaint puts the defendant on notice of the substantive claims being asserted as well as the number and general identity of individuals with those claims. *Crown*, 462 U.S. at 544.

          **b. The Eleventh Circuit Establishes a "Non-Piggyback Rule for Class Actions"**

Although the limitations period is tolled for individual claims while a class action suit is pending, in the Eleventh Circuit "the pendency of a previously filed class action does *not* toll the limitations period for additional class actions by putative members of the original class." *Griffin v. Singletary*, 17 F.3d 356, 359 (11th Cir. 1994) (emphasis in original) (quoting *Andrews v. Orr*, 851 F.2d 146, 149 (6th Cir. 1988)). The Eleventh Circuit categorically refuses to toll the limitations period for subsequent class actions by members of the original class once class certification is denied in the original suit. *Id.* As it explained, the Eleventh Circuit was loath to "adopt any rule that has the potential for prolonging litigation about class representation even further." *Id.* So, while an individual may file a new suit once previously filed class claims are

rejected, the individual "may not piggyback one class action onto another." *Griffin*, 17 F.3d at 359 (internal quotations omitted); *Mitchell v. Osceola Farms Co.*, 408 F. Supp. 2d 1275, 1278 (S.D. Fla. 2005) (Cohn, J.) ("tolling does not . . . apply to a subsequent class action that merely attempts to correct deficiencies in a previous class action."). The Eleventh Circuit is not alone; other Circuits have adopted similar "no piggybacking" rules for class claims. *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988); *Salazar-Calderon v. Presido Valley Farmers Ass'n*, 765 F.2d 1334 (5th Cir. 1985).

Plaintiffs' class claims run afoul of the no-piggybacking rule. Plaintiffs were members of the original *Dukes* class. And Plaintiffs now assert class claims for a regional subclass that was part of the nationwide class certified, and then decertified, in *Dukes*. Plaintiffs' class claims are time-barred – the limitations period for class claims was not tolled, and Plaintiffs cannot assert class claims that were previously asserted and rejected in *Dukes*.

Plaintiffs argue that *Griffin* is factually distinguishable and therefore does not apply to Plaintiffs' class claims. According to Plaintiffs, *Griffin* addressed whether tolling applies where the subsequent class claims are identical to those asserted in the initial lawsuit, while the class claims asserted here are different from those asserted in the *Dukes* action.

Plaintiffs' sex discrimination claims were previously asserted in the *Dukes* class claims. And it is precisely this reason why the individual claims get the benefit of tolling – Plaintiffs did not need to file duplicative lawsuits while the *Dukes* class was pending, and Wal-Mart was put on notice of these sex discrimination claims by the *Dukes* action. It is these identical claims that they seek to press as class claims here.

To be sure, the scope of the proposed class is narrower than the nationwide class in *Dukes*, and the Complaint also contains new region-specific allegations, including allegations

concerning the management structure and roles of management personnel, as well as common forms of promotion discrimination.  But limiting a class by geographic regions does not transform the class claims into something different from the class claims asserted in *Dukes*.  Nor does including new allegations concerning regional employment practices.  Instead, including region-specific allegations serves only to attempt to cure the deficiencies in the *Dukes* class identified by the Supreme Court.

Even assuming that Plaintiffs' class claims and are different from those asserted in *Dukes*, *Griffin* would still bar Plaintiffs from pursuing class claims here.  Nothing in *Griffin* restricted the "no piggyback rule" to identical class claims.  *See Griffin*, 17 F.3d at 359.  The Eleventh Circuit's rationale for adopting the "no piggybacking rule" was to prevent prolonged and successive class-action litigation.  *Id.*  It prevents previous class members from pursuing their claims as class claims, regardless of whether the class is framed in a different manner or the class itself is different.  *Id.*; *see also Odle v. Wal-Mart Stores Inc.*, 2012 WL 5292957, at *6 (N.D. Tex. Oct. 15, 2012) ("The Fifth Circuit's 'no piggyback rule' restricts the tolling to subsequent individual lawsuits and not further class actions, whether the class is identical or not.").  *Griffin* applies to Plaintiffs' class claims and the class claims are untimely.

### c.   Recent United States Supreme Court Cases – *Shady Grove* and *Bayer*

Plaintiffs argue that the Court should not feel bound to follow *Griffin* because two new Supreme Court cases, *Shady Grove Orthopedic Associates v. Allstate Insurance Co.*, 559 U.S. 393, and *Smith v. Bayer Corporation*, 131 S. Ct. 2368, "implicitly" overrule *Griffin*. (Opposition to Defendant's Mot. to Dismiss, at 23, ECF No. 23.)  According to Plaintiffs, *Shady Grove* and *Bayer* establish a bright-line rule that, so long as Rule 23 requirements are satisfied, a class action may proceed whenever an individual claim may proceed.

*Shady Grove* concerned whether a New York law prohibiting certain claims from proceeding as class actions in state court similarly prohibited those claims from proceeding as class actions in federal court. *Shady Grove*, 599 U.S. at 396-400. Employing the traditional analysis for conflicts between state and federal law, the Supreme Court found that the New York law conflicted with Rule 23 of the Federal Rules of Civil Procedure. Because both the state law and federal law address whether the claim could be brought in federal court as a class action, Rule 23 governs because it "creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action." *Id.* at 398.

In *Bayer*, the Supreme Court addressed the application of the Anti-Injunction Act's relitigation exception. *Bayer*, 131 S. Ct. at 2374. The Supreme Court found that a federal district court could not enjoin a state court from considering a request for class certification after the federal court denied a similar class-certification request by a different plaintiff. The state court plaintiff was not precluded from pressing his class claims because the class certification motion before the state court did not present identical issues as those decided by the federal court, and because the state plaintiff was neither a party to the federal suit nor covered by any exception to the rule against nonparty preclusion. *Id.* at 2375-79.

Neither *Shady Grove* nor *Bayer* directly addresses whether the pendency of a class action will toll the limitations period for successive class actions. Instead, both address discrete issues of federalism. The Court cannot say that *Griffin* has been "undermined to the point of approbation." *Chambers v. Thompson*, 150 F.3d 1324 ("We are bound to follow a prior panel or en banc holding, except where that holding has been overruled or undermined to the point of abrogation by a subsequent en banc or Supreme Court decision."); *Cargill v. Turpin*, 120 F.3d

1366 (noting that only the Supreme Court or Eleventh Circuit sitting *en banc* can overrule a prior panel decision).

The rational for the no-piggybacking rule is certainly undermined by the Supreme Court's rulings. In *Bayer*, for example, the Supreme Court noted that there is a strong policy against abuse of the class action device. But, while "serial relitigation of class certification" is a legitimate concern, it does not trump the rule against nonparty preclusion. *Bayer*, 131 S. Ct. at 2381. The Supreme Court also noted that principles of *stare decisis* and comity, along with procedural devices, such as multi district litigation procedures, would help in mitigating these concerns. *Id.* *Shady Grove* can be read to imply that whether a claim may proceed as a class action should rise and fall with the timelines of the individual claim. *Shady Grove*, 599 U.S., 399-400. The Eleventh Circuit may wish to refine *Griffin*'s bright-line rule barring successive class actions by former class members. But while the Eleventh Circuit may hold that *Shady Grove* and *Bayer* implicitly overrule or conflict with *Griffin*, this Court cannot.

## IV. Conclusion

For the reasons stated above, the Court finds that Plaintiffs' class claims are untimely. Accordingly, it is hereby **ORDERED and ADJUDGED** that Plaintiffs' class claims are **DISMISSED with prejudice**. Defendant's Motion to take Judicial Notice (ECF No. 6) is **GRANTED in part** and **DENIED in part**. The Court takes judicial notice of the order issued by the United States District Court for the Northern District of Texas in *Odle v. Wal-Mart Stores Inc.*, 2012 WL 5292957 (N.D. Tex. Oct. 15, 2012), but finds it unnecessary to take judicial notice of the remaining documents in ruling on Defendant's Motion to Dismiss.

**DONE and ORDERED** in chambers, at Miami, Florida, on September 23, 2013.

_____
**ROBERT N. SCOLA, JR.**
**UNITED STATES DISTRICT JUDGE**