# UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

September 06, 2017

Steven M. Larimore
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number: 15-15260-CC
Case Style: Penelope Morris, et al v. Wal-Mart Stores, Inc.
District Court Docket No: 0:12-cv-61959-RNS

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision was previously forwarded to counsel and pro se parties on the date it was issued.

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion was previously provided on the date of issuance.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: James O'Donnell Delaney
Phone #: 404-335-6113

Enclosure(s)

MDT-1 Letter Issuing Mandate

# UNITED STATES COURT OF APPEALS
## For the Eleventh Circuit

_____

No. 15-15260

_____

District Court Docket No.
0:12-cv-61959-RNS

ZENOVIDA LOVE, et al.,

                                                  Plaintiffs,

PENELOPE MORRIS,
KATHLEEN FORBES,
LISA O'BRIEN,
LOU ANN HAWES,
LINDA RAY,
JUDITH DANNEMAN,
BRIDGETTE BRAMLEY,
EDNA REMINGTON,

                                                  Intervenors - Plaintiffs - Appellants,

versus

WAL-MART STORES, INC.,

                                                  Defendant - Appellee.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: August 03, 2017
For the Court: DAVID J. SMITH, Clerk of Court
By: Djuanna Clark

**ISSUED AS MANDATE 09/06/2017**

[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-15260
_____

D.C. Docket No. 0:12-cv-61959-RNS

ZENOVIDA LOVE, et al.,

                                                                                                               Plaintiffs,

PENELOPE MORRIS,
KATHLEEN FORBES,
LISA O'BRIEN,
LOU ANN HAWES,
LINDA RAY,
JUDITH DANNEMAN,
BRIDGETTE BRAMLEY,
EDNA REMINGTON,

                                                            Intervenors - Plaintiffs - Appellants,

versus

WAL-MART STORES, INC.,

                                                                                 Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 3, 2017)

Before MARCUS, ANDERSON, and GINSBURG,[*] Circuit Judges.

GINSBURG, Circuit Judge:

In *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011), the Supreme Court reversed the certification of a nationwide class of female Wal-Mart employees claiming gender discrimination. Thereafter, the unnamed plaintiffs in *Dukes* filed new actions seeking certifications of regional classes. The Appellants, a group of would-be class members of one of these regional class actions, appeal the district court's dismissal of the class claims and the denial of the Appellants' motion to intervene. We hold that the appeal from the order dismissing the class claims was untimely filed, and is therefore jurisdictionally barred, and the appeal from the order denying the Appellants' motion to intervene is moot.

**I. Background**

In 2011, the Supreme Court reviewed the certification of a putative class action of "one and a half million … current and former female employees" of Wal-

---

[*] Honorable Douglas H. Ginsburg, United States Circuit Judge for the District of Columbia Circuit, sitting by designation.

2

Mart.  *Dukes*, 564 U.S. at 342.  The plaintiffs had alleged gender discrimination in promotions and wages, in violation of Title VII of the Civil Rights Act of 1964.  *Id*. at 343.  Holding the would-be class action did not meet the commonality requirement of Federal Rule of Civil Procedure 23, the Supreme Court reversed the certification.  *Id.* at 349-60.

Members of the putative *Dukes* class then filed various regional class actions, including the action at issue here.  *Love v. Wal-Mart Stores, Inc.*, No. 12-61959-CIV, 2013 WL 5434565, at *1 (S.D. Fla. Sept. 23, 2013).  The *Love* plaintiffs sought to represent former and current female employees of Wal-Mart in the southeastern United States.  *Id*.  The *Dukes* would-be class members were able to file a new action because the *Dukes* litigation tolled the statute of limitations to file their discrimination claims with the Equal Employment Opportunity Commission, which filing is required prior to filing a suit in federal court.  *Id*.  In the Eleventh Circuit, however, this tolling is limited to individual, not class, claims: "[T]he pendency of a previously filed class action does *not* toll the limitations period for additional class actions by putative members of the original class."  *Id*. at *2 (quoting *Griffin v. Singletary*, 17 F.3d 356, 359 (11th Cir.1994)).  Therefore, the district court held it was bound by precedent to dismiss the class claims, but not the individual claims, as untimely.  *Id*. at *2-*3.

On October 16, 2015, after settling their individual claims with Wal-Mart, the named plaintiffs and Wal-Mart filed a "stipulation of voluntary dismissal," with prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).  On October 23, the district court entered an order stating "[t]he parties have dismissed this case" pursuant to FRCP 41, and denying "[a]ll pending motions . . . as moot." On November 6, the Appellants, unnamed members of the would-be class, filed a "motion for leave to intervene" solely "so that they may appeal" the order dismissing the class claims.  On November 19, the district court held the stipulated dismissal stripped it of jurisdiction to hear the motion to intervene and therefore denied the motion.  Later the same day, the Appellants filed their notice of appeal of both (1) the order denying the motion to intervene and (2) the order dismissing the class claims.

## II. Analysis

Before addressing the present appeal, we are met with Wal-Mart's motion to dismiss it as untimely filed, and the Appellants' opposition thereto.  We take up that issue first because, if Wal-Mart is correct, then we are without jurisdiction to hear the appeal.  *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).

Wal-Mart's argument is that the present appeal is untimely because it was filed more than 30 days after the stipulated dismissal, contra the deadline to file an appeal specified in Federal Rule of Appellate Procedure 4.  The Appellants, for their part, contend the stipulated dismissal filed on October 16 begins the countdown only with respect to any appeal filed by a named plaintiff who settled with Wal-Mart via the stipulated dismissal: "Had one of the individual plaintiffs who was party to the stipulation of dismissal wished to appeal denial of class certification despite the resolution of her individual claims, … the time to appeal would have run from the entry of the stipulation."  According to the Appellants, the clock for their appeal did not begin to run until the district court entered its order of October 23.

The question presented is whether a stipulated dismissal begins the 30-day countdown of Rule 4.  Answering it requires us to analyze the interaction between Rule 4 and FRCP 41.

With certain exceptions inapplicable here, Rule 4 provides: "In a civil case … the notice of appeal … must be filed with the district clerk within 30 days after entry of the judgment or order appealed from."  Because this time limit is "mandatory and jurisdictional," *Bowles v. Russell*, 551 U.S. 205, 209 (2007), we must decide which "judgment or order" began the countdown for the Appellants' appeal.  The "judgment or order appealed from" under Rule 4 must be one that is

"final" because ordinarily an appellate court has jurisdiction to hear appeals only from a "final decision[] of the district court[]." *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 373-74 (1981) (quoting 28 U.S.C. § 1291).  Finality, in turn, depends upon the interpretation of FRCP 41, which governs the dismissal of civil cases and provides for two relevant types of "Voluntary Dismissal": (1) "By the Plaintiff" per 41(a)(1)(A), "without a court order by filing … a stipulation of dismissal signed by all parties who have appeared," 41(a)(1)(A)(ii), and (2) per 41(a)(2) "By Court Order."

The Appellants' position that there are different "final" decisions for the parties and for the would-be intervenors is untenable.  Generally, there cannot be two final orders in a single case because a final order "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Risjord*, 449 U.S. at 373 (1981) (citation omitted).  Here, the stipulated dismissal resolved all of the claims of all the parties to the case at that time, which did not include the would-be intervenors.  Therefore, a later order purporting to dismiss the case would be shooting a dead horse.  Indeed the district court did not need to file the October 23 order for the stipulated dismissal of October 16 to be effective and hence final.  Because FRCP 41(a)(1)(A)(ii) specifies the plaintiff can by stipulation dismiss an action "without a court order," the "plain language of Rule 41(a)(1)(A)(ii) requires that a stipulation filed pursuant to that subsection is self-

executing and dismisses the case upon its becoming effective," i.e., "upon filing unless it explicitly conditions its effectiveness on a subsequent occurrence." *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1278 (11th Cir. 2012).[1] There was no condition subsequent in this stipulation. Therefore, the stipulated dismissal is, pursuant to FRAP 4, "the judgment or order appealed from" with regard to the dismissal of the class claims. *Accord State Nat'l Ins.*, 824 F.3d at 406-07 & n.18 (holding an appeal is timely only if filed within 30 days of the filing of a stipulated dismissal).

The Appellants' attempt to distinguish *Anago* and *State National* on the ground that "neither case involved a class action or considered the rights of absent class members," is unconvincing because FRAP 4 does not include an exception for class actions or absent class members. A plaintiff's ability to dismiss her case without a court order under FRCP 41(a)(1)(A) is not unlimited and, as relevant here, is "[s]ubject to Rule[] 23(e)," which provides "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." That the Congress included in FRCP 41(a)(1)(A) an exception for a certified class makes the absence of an exception for an uncertified class all the more telling.

---

[1] The Appellants suggest FRCP 58 requires that the final order be a separate document from the stipulated dismissal but that is simply inconsistent with the self-executing nature of a stipulated dismissal. *See State Nat'l Ins. Co. v. Cty. of Camden*, 824 F.3d 399, 406-07 (3d Cir. 2016).

Contrary to the Appellants' contention, neither *United Airlines, Inc. v. McDonald*, 97 S. Ct. 2464 (1977) nor *Smith v. Bayer Corp.*, 131 S. Ct. 2368 (2011), is informative about the interaction of a FRCP 41(a)(1) dismissal and the 30-day deadline of FRAP 4. The *McDonald* Court held intervention by putative class members after final judgment was timely for purposes of Rule 24 (Intervention), not Rule 4. Because the appeal from the denial of the motion to intervene was filed in that case within 30 days of the final order, the Court did not consider whether the absent class members could have appealed after 30 days had passed. *McDonald*, 97 S. Ct. at 2467. The Appellants rely upon *Smith* for the broad proposition that "absent class members of an uncertified class are not bound by actions of the named plaintiffs," but the *Smith* Court, in deciding the preclusive effect of prior litigation under the Anti-Injunction Act, 28 U.S.C. § 2283, actually held rather narrowly that the plaintiff seeking class certification in a state court was not bound by a federal court's earlier denial of class certification to another plaintiff pursuing a similar class. *Bayer Corp.*, 131 S. Ct. at 2379. Even the Court's broadest observation that a "court's judgment binds only the parties to a suit" tells us nothing about whether a stipulated dismissal starts the 30-day clock in FRAP 4. *Id*.

Put simply, here the Appellants filed their appeal of the order dismissing the class claims 34 days after the date of "the judgment or order appealed from."

8

Because the timeliness of an appeal is a jurisdictional prerequisite to our review, we must dismiss the appeal of the order dismissing the class claims for lack of jurisdiction.[2]

In contrast, the notice of appeal of the November 19 order denying their motion to intervene was timely; indeed, the Appellants filed that appeal later the same day the order was issued. Nonetheless, because the Appellants sought to intervene only in order to appeal the order of the district court "dismissing Plaintiffs' class claims," their appeal of the order denying intervention must be denied as moot. *Florida Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health & Rehab. Servs.*, 225 F.3d 1208, 1217 (11th Cir. 2000) ("When events subsequent to the commencement of a lawsuit create a situation in which the court can no longer give the plaintiff meaningful relief, the case is moot and must be dismissed").

---

[2] Because we conclude the would-be class members did not file their appeal in a timely manner, we do not address the question whether a stipulated dismissal strips the district court of jurisdiction to hear a motion to intervene. The only courts to have addressed that question have held the district court may grant post-dismissal motions to intervene by would-be class members. *See In re Brewer*, No. 15-8009, 2017 WL 3091563 (D.C. Cir. July 21, 2017) (holding intervention after stipulated dismissal is permissible and no different from intervention allowed after the court-ordered dismissal in *McDonald*); *Odle v. Wal-Mart Stores, Inc.*, No.16-10347, 2017 WL 1163339 (5th Cir. Mar. 27, 2017) (same).

## III. Conclusion

For the reasons set forth above, the appeal of the order dismissing the class claims and the appeal of the order denying intervention are **DISMISSED** for lack of jurisdiction.

ANDERSON, Circuit Judge, concurring specially:

I concur in the decision in this case on the understanding that putative class members who move to intervene and file a notice of appeal within the thirty-day time to appeal from the final judgment effected by a Federal Rule of Civil Procedure 41(a)(1)(A)(ii) joint stipulation are not foreclosed from exercising their conditional right to intervene after final judgment for the purpose of appealing the district court's previous denial of class certification, as contemplated by the Supreme Court in United Airlines, Inc. v. McDonald, 432 U.S. 385, 97 S. Ct. 2464 (1977).[1]  This understanding relies upon my agreement with the holding and rationale of In re: Brewer, No. 15-8009, — F.3d —, 2017 WL 3091563 (D.C. Cir. July 21, 2017) (Ginsburg, J.).  Although Brewer held that a Rule 41(a)(1)(A)(ii) "stipulated dismissal is effective automatically upon filing and requires no further action on behalf of a district court in order to constitute a final judgment," id. at *4,

---

[1] Under McDonald, putative class members may rely on the putative named plaintiffs to represent their interests and then intervene after final judgment to appeal the denial of class certification so long as they do so "as soon as it bec[omes] clear" that their interests are no longer being adequately protected by the putative named plaintiffs. Id. at 394, 97 S. Ct. at 2470.  This conditional right is founded in concerns of fairness and judicial economy: it (1) protects the reasonable expectations of absent class members, see id. at 394, 97 S. Ct. at 2469; (2) does not significantly prejudice a defendant that was already actively defending against the absent class members' claims, see id. at 392–94, 97 S. Ct. at 2469–70; and (3) avoids unnecessary and duplicative litigation by obviating the need for interested parties to intervene shortly after the initial denial of class certification in order to preserve their rights, see id. at 394 n.15, 97 S. Ct. at 2470 n.15.

it also held that the district court did have jurisdiction to hear and approve a motion to intervene by a previously absent putative class member to appeal the denial of class certification even though the named plaintiff and defendant had stipulated to dismissal. Id. at *4–5.

Brewer reasoned that a joint stipulation of dismissal reveals the mootness of the case as between the parties to the stipulation, leaving the district court without jurisdiction over other issues as between those parties. Id. at *4. According to the Brewer panel, the lack of jurisdiction on the part of the district court following such a joint dismissal is attributable to mootness, and not to any special feature of Rule 41(a)(1)(A)(ii). Id. However, Brewer held that the mootness and lack of jurisdiction as to the parties to the stipulation did not affect the district court's continuing jurisdiction to entertain a motion to intervene by putative class members to appeal the district court's denial of class certification. Id. at *5.

My understanding also is a recognition that our decision in Anago Franchising, Inc. v. Shaz, LLC, 677 F.3d 1272 (11th Cir. 2012), is distinguishable because it lacked the class action context present in this case, in the Brewer case, and in the McDonald case. The issue in Anago was whether parties could ensure that a district court had continuing jurisdiction to enforce their settlement agreement after a Rule 41(a)(1)(A)(ii) dismissal by stating that the court would

12

have such jurisdiction. Id. at 1280.[2] Anago did not occur in the class action context, nor did it concern a motion to intervene for the purpose of appealing an adverse class certification decision as contemplated in McDonald.

To be sure, Anago contains broad dicta suggesting that a Rule 41(a)(1)(A)(ii) stipulated dismissal always extinguishes district court jurisdiction. See id. at 1278 ("District courts need not and may not take action after the stipulation becomes effective because the stipulation dismisses the case and divests the district court of jurisdiction."). But this language must be read in the context of the named parties' attempt to create "otherwise nonexistent federal jurisdiction, rely[ing] upon a relationship so tenuous as the breach of an agreement that produced the dismissal of an earlier federal suit." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 379, 114 S. Ct. 1673, 1676 (1994). Indeed, we know that Anago's dicta cannot be taken literally. Rule 41(a)(1) dismissals do not strip district courts of the power to impose sanctions. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 398, 110 S. Ct. 2447, 2457 (1990). Nor do they foreclose a court's consideration of cost and attorney fee awards. See id. at 395–96, 110 S. Ct. at 2455–56. We have also held that a Rule 41(a)(1) dismissal does not bar a district

---

[2] Anago's holding is narrow: we recognized that jurisdiction could be retained if parties "requested" the district court to retain jurisdiction in their stipulated dismissal and the district court entered an order retaining jurisdiction subsequent to their stipulated dismissal. See id. at 1280 (citing Am. Disability Ass'n, Inc. v. Chmielarz, 289 F.3d 1315, 1318 (11th Cir. 2002)).

court from confirming an arbitral award. PTA-FLA, Inc. v. ZTE USA, Inc., 844 F.3d 1299, 1309 (11th Cir. 2016).[3] And it is broadly accepted that courts retain jurisdiction to consider motions to reopen the judgment under Rule 60(b) after a Rule 41(a)(1) dismissal. See, e.g., Yesh Music v. Lakewood Church, 727 F.3d 356, 363 (5th Cir. 2013). Accordingly, I do not think Anago should be interpreted to strip district courts of jurisdiction to consider post-dismissal motions by putative class members to intervene in order to appeal the denial of class certification as contemplated by McDonald. Indeed, such an interpretation of Anago would be incompatible with the Supreme Court's decision in McDonald.[4]

Assuming, as I do, that Anago is distinguishable as above described, and thus limited such that it is not inconsistent with Brewer, the tension between the Anago dicta and McDonald is resolved. I can thus concur in today's decision, and

---

[3] Cooter & Gell and PTA-FLA both concerned a plaintiff's unilateral notice of dismissal under Rule 41(a)(1)(A)(i). See Cooter & Gell, 496 U.S. at 393–94, 110 S. Ct. at 2454–55; PTA-FLA, 844 F.3d at 1308. But they are not distinguishable on that ground. See Anago, 677 F.3d at 1278 (stating that "[t]he distinctions Rule 41(a)(1) draws between stipulations and notices are based on the stage of litigation during which they may be filed" and "find[ing] no reason" to treat the two differently for jurisdictional purposes).

[4] In addition, such a result would be a matter of significant concern because of the obvious risk of collusion. See Brewer, 2017 WL 3091563, at *5 (discussing this risk). The defendant in class action cases has an obvious and strong incentive to insist on a joint stipulation of dismissal that fails to protect the rights of putative class members, thus accomplishing not only a settlement with the named plaintiff, but also — if the conditional rights of putative class members under McDonald were eviscerated — effectively ending the often more dangerous class action. Similarly, the settling named plaintiff may have no incentive to protect the rights of putative class members. Indeed, elimination of the class action can serve as leverage for the named plaintiff to exact a more favorable settlement for its own benefit.

its holding that the thirty-day time limit for filing Appellants' notice of appeal began to run immediately upon the filing of the joint stipulation pursuant to Rule 41(a)(1)(A)(ii).